# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-20166
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 14, 2016

Lyle W. Cayce
Clerk

NIKITA VAN GOFFNEY,

Plaintiff-Appellant

v.

MARTHA D. KOOMER, Deputy Court Reporter; CASSANDRA MCCOY, Deputy Court Reporter; MICHAEL T. SEILER, District Court Judge; BRET LIGON, District Attorney; CYNTHIA S. PULCHER, Assistant District Attorney; MICHAEL C. YOUNG, Assistant District Attorney; WILLIAM J. DELMORE, III, Assistant District Attorney; LANE HAYGOOD, Assistant District Attorney; MIKE ADUDDELL, Attorney at Law; JUAN SAUCEDA, Detective for Conroe Police Department; CLYDE VOGEL, Police Officer; TROY ROBERTS, Detective for Conroe Police Department; STEVE MCKEITHEN, Chief Justice, 9th District Court of Appeals; CHARLES KREGER, Justice of the 9th District Court of Appeals; HOLLIS HORTON, Justice of the 9th District Court of Appeals; RICK PERRY, Governor for the State of Texas; ERIC WAGNER, District Parole Officer II; G. SHOEMAKER, Conroe Police Department,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:14-CV-733

Before HIGGINBOTHAM, ELROD, and SOUTHWICK, Circuit Judges.

No. 15-20166

PER CURIAM:[*]

Nikita Van Goffney, Texas prisoner # 1582354, appeals the dismissal of his 42 U.S.C. § 1983 complaint. He alleged that all the named defendants engaged in a conspiracy to retaliate for a separate previously filed civil rights complaint. He also alleged that the conspirators caused his conviction on drug and weapons charges and altered the trial record to cover-up various misdeeds. The district court screened the complaint pursuant to 28 U.S.C. § 1915(e) and found that it was both time-barred and barred by *Heck v. Humphrey,* 512 U.S. 477, 486–87 (1994). It also denied Goffney's motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e). On appeal, Goffney argues that he is seeking the unedited version of the court reporter's record to prove the alteration of the trial record. He also argues that the *Heck* bar should not apply where the underlying conviction was based on fraud.

The district court sua sponte found that Goffney's complaint was untimely. "In an action under section 1915, a district court may raise the defense of limitations sua sponte." *Harris v. Hegmann,* 198 F.3d 153, 156 (5th Cir. 1999). We review the sua sponte dismissal of a complaint as time-barred under Section 1915(e)(2) *de novo. Id.* Although federal courts borrow from the forum state's general personal-injury limitations period in a Section 1983 proceeding, federal law determines when a cause of action accrues. *Pete v. Metcalfe,* 8 F.3d 214, 217 (5th Cir. 1993). A cause of action accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Id.* (quotations mark omitted).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-20166

Goffney's brief acknowledges that one basis for the dismissal of his complaint was the limitations period, but he does not address the district court's reasons or show that the district court erred. Although pro se briefs are afforded liberal construction, even pro se litigants must brief arguments in order to preserve them. *Yohey v. Collins,* 985 F.2d 222, 224–25 (5th Cir. 1993). Goffney's fleeting mention of the limitations issue, without identifying any error in the district court's analysis, constitutes a failure to brief and abandonment of the issue. *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner,* 813 F.2d 744, 748 (5th Cir. 1987).

Approximately two months after filing his brief, Goffney filed an "Advisory to the Court." In this pleading, he asserted various reasons why he should be appointed counsel. He also argued that he had been unable to brief the issues on appeal adequately. Goffney argued his Section 1983 complaint was not barred by the statute of limitations. We liberally construe his "Advisory" as including a motion to submit a supplemental brief. However, supplemental briefs ordinarily are not allowed. *See* 5TH CIR. R. 28.4. Goffney has not shown why the timeliness arguments raised in his "Advisory" could not have been raised in his initial merits brief, especially given their similarity to the arguments raised in his Rule 59(e) motion. Therefore, the motion we have deemed as one for leave to file a supplemental brief is denied. Further, he has not shown that his appeal involves exceptional circumstances. Thus, his motion for appointment of counsel also is denied. *See Cupit v. Jones,* 835 F.2d 82, 86 (5th Cir. 1987).

Both the district court's dismissal of the complaint for failure to state a claim and our dismissal of this appeal count as strikes for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons,* 103 F.3d 383, 387–88 (5th Cir. 1996). We caution Goffney that, if he accumulates three strikes, he will not be able to

No. 15-20166

"bring a civil action or appeal a judgment in a civil action" in forma pauperis while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).

MOTIONS DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.